Mr. Vincent B. Tilford, President Arkansas Development Finance Authority 100 Main, Suite 200 P.O. Box 8023 Little Rock, Arkansas 72203-8023
Dear Mr. Tilford:
This is in response to your request, pursuant to A.C.A. §25-19-105(c)(3)(B), for an opinion on whether your decision to withhold certain records from public inspection and copying from a reporter requesting access to the records is consistent with the provisions of the Arkansas Freedom of Information Act, ("FOIA") codified at A.C.A. §§25-19-101 to -107 (Repl. 1992 and Supp. 1995). Specifically, the reporter in question requested access to, among other things:
 Access to ADFA files (including ADFA executives' files) containing materials pertaining to complaints about the behavior of ADFA executives, board members, employees, etc., including (but not limited to) complaints about inappropriate language, embarrassing language, sexually suggestive language, locker room language, offensive language, and the like, especially if (but not limited to) complaints that tie such language to the role of executives in determining the future of ADFA staff or executives (such as through participation on the committee that evaluates the performance of ADFA staff for purposes of promotion, pay, job security, etc.).
You have enclosed with your request copies of a letter of termination, complaints, memos and various other documents relating to the termination, on May 29, 1996, of Mr. William Wilson, a former Vice President at ADFA, which documents you presumably deem to be responsive to the above request for records.[1]
You state that it is your opinion, and presumably your decision as custodian of the records, that the matters discussed and documented in the records attached to your request constitute "employee evaluation or job performance records" under the FOIA, which should be open to public inspection only upon final administrative resolution of a suspension or termination proceeding at which the records formed a basis for the decision to suspend or terminate the employee and if there is a compelling public interest in their disclosure. See A.C.A. §25-19-105(c)(1) (Supp. 1995). You note that although the matter did result in a termination of the employee (and I assume that all administrative appeals are final and the records you have enclosed "formed a basis for the termination"), you believe that there is no compelling public interest in their disclosure. You have asked my opinion as to whether this decision is consistent with the provisions of the FOIA.
It is my opinion that your decision is inconsistent with the provisions of the FOIA.
As noted above, you have attached the actual records in question with your request. A review of these records indicates that some of these records may indeed be "employee evaluation or job performance records" under the FOIA and subject to the test set out above. Other records appear to be "personnel records" under the Act, which are disclosable except to the extent that their release would constitute a "clearly unwarranted invasion of personal privacy." See A.C.A. § 25-19-105(b)(10) (Supp. 1995) and Young v. Rice, 308 Ark. 593, 826 S.W.2d 252 (1992) (applying a balancing test to determine whether the public interest in release of information concerning "intimate details" of an employee's life outweighs the privacy interest of the employee in the information). Some of the records attached to your request are neither "employee evaluation or job performance records," nor "personnel records" for purposes of the FOIA, and do not appear to be subject to any exception contained in that Act.
It is my opinion, after a review of the records attached to your request, that each record attached is subject to inspection and copying under the FOIA.
The first record attached to your request is a termination letter. As I stated recently in Op. Att'y Gen. 95-109:
 A notice to terminate a public employee and a supervisor's memorandum addressing the substantive reasons for an employee's demotion are, according to previous opinions issued by this office, generally encompassed within the provisions governing employee evaluation and job performance records. Ops. Att'y. Gen. 92-247, 92-191, and 92-231. . . .
 With regard to the existence of a `compelling public interest' in disclosure, it has been stated by a recognized commentator on the FOIA that `the mere fact that an employee has been suspended or terminated does not mean that the records should be made public[.]' J. Watkins, The Arkansas Freedom of Information Act 135 (2d ed. 1994). Professor Watkins notes that `[t]he nature of the problem that led to the suspension or termination will undoubtedly bear on the `compelling public interest' question. . . .' Id. He also notes that "[t]he status of the employee — or, perhaps more precisely, his rank within the bureaucratic hierarchy — may also be relevant. . . . As a practical matter, courts may be more likely to find [a compelling public interest] when a high-level employee is involved than when the evaluation of `rank-and-file' workers are at issue.' Id. at 136. As also pointed out by Professor Watkins, however, `a general interest in the performance of public employees should not be considered compelling, for that concern, is, at least theoretically, always present.' Id. at 137.
It was concluded in Op. Att'y Gen. 95-109 that the termination memorandum of the Agency Director of the Arkansas Arts Council gave rise to a compelling public interest because the reasons given for his termination "center[ed] directly on his primary administrative and managerial roles." It is my opinion similarly, that the termination memorandum attached to your request gives rise to a compelling public interest, and should be released pursuant to A.C.A. § 25-19-105(c)(1).
The second document attached to your request is a interoffice memorandum from Mr. Wilson to you dated May 29, 1996. This memorandum, is not, in my opinion, an "employee evaluation or job performance record," but, rather, is a "personnel record" for purposes of the FOIA. It is subject to disclosure, as its release would not constitute a "clearly unwarranted invasion of personal privacy."
The third, fourth, fifth, and sixth documents submitted with your request are a memo to you from Mr. Robert L. Cole, Vice President for Housing at ADFA, and three memos to you from Mr. Wilson, each of the above concerning employee morale. In my opinion, these memorandums are neither "employee evaluation or job performance records" nor "personnel records" for purposes of the FOIA, and are subject to disclosure under the Act, as no exception shields them from inspection. I have previously concluded that records which do not detail the actions of employees with regard to a specific incident or incidents, but which contain merely a general discussion of employees as a whole are not "job performance records" for purposes of the FOIA. See Op. Att'y Gen. 95-151 at 2. Neither, in my opinion, are the records "personnel records" for purposes of the FOIA. They do not pertain to individual employees, but discuss the employees as a group. In my opinion, therefore, the memorandums are not subject to any exception under the FOIA and must be disclosed. It should be noted that even if, under these circumstances, the records were job performance or personnel records, they would be subject to disclosure based upon the compelling public interest already discussed and the lack of any "clearly unwarranted invasion of privacy" under A.C.A. § 25-19-105(b)(10).
The seventh document submitted with your request is a memorandum from you to Mr. Wilson, dated May 13, 1996, which is in my opinion a job performance record. It is subject to disclosure because the employee was terminated, and I assume that all administrative appeals are final, it in all likelihood formed a basis for the termination, and in my opinion, as stated above, the records give rise to a compelling public interest.
The remaining documents attached to your request are two complaints by other employees against Mr. Wilson (one in memorandum form dated April 18, 1996 and one print out of an E-mail message dated February 14, 1996), a memorandum from Mr. Wilson to you dated May 13 in response to the former complaint, memorandums from two other employees relative to the complaint and some supporting documentation to one memorandum and the memorandum complaint. The two complaints and the memorandums in response to the one complaint may, or may not be "employee evaluation or job performance records" depending upon the facts surrounding their creation.See Op. Att'y Gen. 96-257. If the records are indeed "employee evaluation or job performance records" they are subject to disclosure under A.C.A. § 25-19-105(c)(1) for the reasons stated previously. If they are not, there is no exception to cover them and they must be disclosed. Even if the records could be considered "personnel records" of any of the affected employees, it is my opinion that nothing contained therein involves "intimate details" of any employee's life and thus the release of these records would not give rise to a "clearly unwarranted invasion of privacy." See Young v. Rice, supra. Under any circumstances, therefore, in my opinion, the records must be released. The same is true for the supporting documentation attached thereto which appears to be neither "employee evaluation or job performance records" nor "personnel records." There is no exemption in the FOIA shielding these documents.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh
[1] You have requested a separate opinion under the provisions of the FOIA on other records which you also apparently deem responsive to the request, involving a separate employee of ADFA. This opinion addresses only the documents attached in your request concerning the termination of William Wilson, and does not attempt to address any other documents which may be addressed by the separate opinion (96-257) issued to you.